Matter of the Estate of ANDREW F. KENNEDY, Deceased.

(Surrogate's Court, New York County, July, 1921.)

**Executors and administrators — temporary administrator — accounting — when accounts of temporary administrator will not be surcharged for failure to make a temporary payment in advance on transfer tax — contested probate.**

Where decedent devised certain real estate and also bequeathed an active business conducted therein to several of his employees who during the conduct of the business by the temporary administrators exercised personal supervision over all expenditures, the responsibility of the said administrators, in the circumstances, was an unusual one, and it appearing that said devisees and legatees, who did not have a transfer tax proceeding instituted as they might have done, never requested the said administrators to make a temporary payment on account of the transfer tax pending a contest of the will, which was terminated by a decision of the Court of Appeals, the account of the temporary administrators will not be surcharged for their failure to make such a temporary payment.

PROCEEDINGS upon the accounting of temporary administrators.

Daniel J. Mooney, for Jeremiah J. Geagan, one of the temporary administrators.

Wayland & Bernard (Richard Remsen, of counsel), for Bernard J. McCann, one of the temporary administrators.

Joseph G. Cohen (Henry W. Jessup, of counsel), for the temporary administrators.

Cadwalader, Wickersham & Taft (Thomas B. Gilchrist, of counsel), for the contestants.

Surrogate's Court, New York County, July, 1921.    [Vol. 116.

J. Fairfax McLaughlin, Jr., special guardian for the infants.

COHALAN, S.    In this accounting by the temporary administrators three legatees and devisees have objected to the failure of said temporary administrators to make any payment on account of the transfer tax due during the period of eighteen months from the death of the decedent.    They claim that the temporary administrators should be surcharged with the penalty or interest at the rate of ten per cent per annum on the amount of the transfer tax from the date of the death of the testator.

The testator conducted a haberdashery business at No. 12 Cortlandt street.    He devised the premises at No. 12 Cortlandt street to the three objectants.    He also bequeathed to them the said business, share and share alike.    One of the objectants was employed as cashier by the decedent, another as shoe salesman in charge of the shoe department and another as a salesman in the "gents' furnishings department."    During the conduct of the said business by the temporary administrators these three persons were continued in their several employments.    All of the disbursements by the temporary administrators were made under the direct supervision of the legatee who acted as cashier. Purchases for the other departments were made under the direct supervision of all three objectants.    The will contest was terminated by a decision by the Court of Appeals.

Because of the pendency of this litigation undoubtedly any penalty will be remitted to six per cent upon proper application to this court.    It appears that the temporary administrators received three per cent interest upon any funds on hand.    It also appears that by making purchases of merchandise for cash the

Misc.]    Surrogate's Court, New York County, July, 1921.

temporary administrators received discounts amounting to about $15,000.

The accountants would not be required to make a temporary payment on account of transfer tax, if thereby they would be prevented from having on hand at the end of their administration sufficient funds to pay commissions and other administration expenses. The accounts show that at the termination of their duties the temporary administrators had on hand the sum of $24,328.06. The temporary payment made subsequently by the executors was $25,000. The business was an active one and it was important for the temporary administrators to have always on hand sufficient cash to meet current obligations. The temporary administrators would have been in a difficult position if they had to borrow to pay bills. Furthermore, a high rate of interest would have been paid.

These objectants exercised personal supervision over all expenditures. They never requested the temporary administrators to make a temporary payment. The objectants could have instituted a transfer tax proceeding, but did not do so.

The responsibility of conducting such an active business was an unusual one and, under the circumstances, I do not think the temporary administrators should be surcharged for their failure to make a temporary payment on the transfer tax.

Decreed accordingly.